UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MISTY LEE GOODWIN and ) <br> RYAN GOODWIN, ) <br> *surviving parents of decedent Noah Goodwin*, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ROLLIN' R TRUCKING, LLC, ) <br> *d/b/a One Cargo*, et al., ) <br> ) <br> Defendants. ) | Case No. 4:25-CV-67-ZMB |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Missouri Highway Transportation Commission's ("MHTC") motion to dismiss or remand, Doc. 45, and Plaintiffs Misty and Ryan Goodwin's motion to remand, Doc. 47. Defendant ITS National, LLC ("ITS") removed this case from state court, asserting both federal-question and diversity jurisdiction. Doc. 1. Because ITS failed to obtain consent for removal from all properly joined defendants, the Court must remand the case for failure to meet the requirements of 28 U.S.C. § 1446.

## **BACKGROUND**

This suit arises out of a traffic accident that killed Plaintiffs' son, Noah Goodwin. Doc. 6 ¶¶ 10–21. In June 2022, Defendant Manuel Buenavides was driving a tractor trailer on a St. Louis highway. *Id.* ¶¶ 10, 14. Buenavides allegedly operated his tractor trailer in a negligent manner, ignored a hazard warning indicating that Ryan Goodwin's car was distressed, crushed the car, and fatally struck Noah in the process. *Id.* ¶¶ 16–21. The Goodwins brought a wrongful-death action in state court against Defendants Buenavides; Rollin' R Trucking, LLC; and FLC Transport, LLC. *See* Doc. 1-5. They later added claims against MHTC and ITS. *See* Doc. 1-10 at 15–38.

ITS timely filed a notice of removal, citing both federal-question and diversity jurisdiction. *See* Doc. 1. As to diversity, ITS claims that MHTC was fraudulently joined and that the remaining Defendants are completely diverse. *Id.* ¶¶ 11–12. And while the Goodwins brought only state-law causes of action, ITS insists that a federal question exists because the Federal Aviation Authorization Act ("FAAA") completely preempts their negligent-brokering claims. *Id.* ¶ 16.

After removal, ITS moved to dismiss for failure to state a claim. Doc. 30. MHTC also filed a motion to dismiss based on Eleventh Amendment immunity or, alternatively, for remand because it had not consented to suit in federal court. Doc. 45. The Goodwins then moved to remand, arguing that MHTC was properly joined and that neither federal-question nor diversity jurisdiction applies. Doc. 47 ¶¶ 1–2, 8–9. All of these motions have been fully briefed and are ripe for adjudication.

## LEGAL STANDARD

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). After removal, the plaintiff may move to remand for lack of subject-matter jurisdiction at any point before final judgment and "on the basis of any [other] defect . . . within 30 days after the filing of the notice of removal." *Id.* § 1447(c). As relevant here, "all defendants who have been properly joined and served must join in or consent to the removal of the action." *Id.* § 1446(b)(2)(A). Thus, "the failure of one defendant to consent renders the removal defective." *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008). "The burden o[f] establishing compliance with the removal requirements lies with the defendants," *Byrd v. Auto-Owners Ins. Co.*, No. 4:08-CV-1368-SNLJ, 2008 WL 5071105, at *4 (E.D. Mo. Nov. 24, 2008), and the unanimity requirement is "strictly construed" to give "the plaintiff's choice of forum strong deference," *id.* at *2 (quotations omitted); *see also Steeby v. Discover Bank*, 980 F. Supp. 2d 1131, 1134 (W.D. Mo. 2013) ("All doubts about removal are resolved in favor of remand.").

Notwithstanding this stringent standard, consent for removal is not required from fraudulently joined defendants. *See Henry v. Sentry Ins.*, No. 4:16-CV-656-CEJ, 2016 WL 4263131, at *2 (E.D. Mo. Aug. 12, 2016). "Fraudulent joinder occurs when a plaintiff files a frivolous or illegitimate claim against a non-diverse defendant solely to prevent removal." *In re Prempro Prods. Liab. Litig.*, 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). To determine if a defendant is fraudulently joined, a court must consider whether it is "clear under governing state law that the complaint does not state a cause of action against the non-diverse defendant." *Filla v. Norfolk S. Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003) (quotation and emphasis omitted).

## DISCUSSION

Remand is necessary here because ITS failed to satisfy the unanimous-consent requirement under section 1446(b). In fact, MHTC is not merely silent as to removal; it actively opposes it. *See* Doc. 46 at 2–3. While ITS thoroughly addresses potential ***jurisdictional*** bars to removal, it ignores this ***procedural*** requirement—mentioning "consent" only with respect to the negligent-brokering claim. Doc. 55 at 3, 5. That oversight alone is a sufficient basis to find that ITS failed to meet its burden of showing compliance with the consent requirement. Nevertheless, the Court will briefly address three tangentially related points that arguably bear on this removal analysis.

The closest ITS comes to addressing the unanimity requirement is by claiming that MHTC was fraudulently joined. To avoid remand, ITS engages in a Rule 12(b)(6) analysis on MHTC's behalf, arguing that the Goodwins failed to state a claim against the agency. *See* Doc. 55 at 6–10. Tellingly, MHTC never raised that argument—perhaps due to a previous finding of liability under similar circumstances. *Compare Oldaker v. Peters*, 869 S.W.2d 94, 99–101 (Mo. Ct. App. 1993) (affirming a jury verdict against MHTC for negligent lighting contributing to a wrongful death on a highway), *with* Doc. 20 ¶¶ 53–64 (asserting negligent-lighting claim for the stretch of highway where the accident occurred). But even though ITS has identified a potential basis for dismissing

3

MHTC,[1] it falls short of showing that the Goodwins lack even a "colorable" claim. *See Filla*, 336 F.3d at 810 (emphasizing that "there is no fraudulent joinder . . . if the state law *might* impose liability on the resident defendant"). This conclusion is particularly true given that "[a]ll doubts arising from defective, ambiguous and inartful pleadings [here] should be resolved in favor of the retention of state court jurisdiction." *Wilkinson v. Shackelford,* 478 F.3d. 959, 964 (8th Cir. 2007) (quotation omitted). (citations omitted)). As such, MHTC is "properly joined" and must consent to removal.[2]

ITS next suggests that MHTC's consent is irrelevant because Eleventh Amendment immunity does not defeat removal jurisdiction. Doc. 55 at 2 (citing *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 385 (1998)). True enough. But in *Schlacht*, the State initially **consented** to removal and only then raised sovereign immunity as a defense. *See* 524 U.S. at 393 (Kennedy, J., concurring). As such, that case has no bearing on the need for unanimous consent under section 1446(b)(2)(A).

And lastly, ITS's reliance on complete preemption under the FAAA is similarly unavailing. *See* Doc. 55 at 2–5. It is true that, when complete preemption applies, a federal question is presumed to be on the face of the well pleaded complaint. *Carlson v. Arrowhead Concrete*

---

[1] ITS believes that *Oldaker* is factually distinct with respect to the waiver of sovereign immunity because, here, "there are no facts alleged that the lack of lighting was due to a failure by MHTC to comply with its own standards for highway construction." Doc. 55 at 9. However, a breach of policy is not required for a waiver, *see* MO. REV. STAT. § 537.600.1, and it is debatable whether the Goodwins failed to allege sufficient notice of the dangerous condition, *see* Doc. 55 at 10. *But see* Doc. ¶ 57 (alleging that MHTC "opted to leave" the area of the accident "without lighting"). Moreover, the Goodwin's separate allegation of "a negligent or wrongful act or omission of an employee of the public entity" may also constitute a waiver of sovereign immunity. *See* MO. REV. STAT. § 537.600.1(2).

[2] Even apart from the consent requirement, this finding calls into question the Court's subject-matter jurisdiction to hear this case. At the very least, MHTC's continued presence destroys complete diversity. *See Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080 (E.D. Mo. 2003) ("The inclusion of a Missouri state agency as a defendant in this action destroys the required diversity of citizenship." (citation omitted)). And while ITS asserts that federal-question jurisdiction exists because the Goodwins' state-law claims are completely preempted, as discussed below, at least two judges in this district have rejected that exact argument. *See Mendoza v. BSB Transp., Inc.*, No. 4:20-CV-270-CDP, 2020 WL 6270743 (E.D. Mo. Oct. 26, 2020); *Uhrhan v. B&B Cargo, Inc.*, No. 4:17-CV-02720-JAR, 2020 WL 4501104 (E.D. Mo. Aug. 5, 2020). Nevertheless, in light of the straightforward analysis regarding the unanimous-consent requirement, the Court need not and does not reach this more complicated question.

*Works, Inc.*, 445 F.3d 1046, 1051 (8th Cir. 2006) (citation omitted). But the existence of a federal question does not equate to *exclusive* federal jurisdiction, as ITS seems to suggest. Indeed, ITS has cited no authority—nor could the Court locate any—suggesting that complete preemption displaces the "deeply rooted presumption in favor of concurrent state court jurisdiction over federal claims." *Atl. Richfield Co. v. Christian*, 590 U.S. 1, 15 (2020) (quotations omitted). As such, even if complete preemption applies,[3] ITS still needed the consent of all properly joined defendants to remove this case. *See Pelican Plumbing Supply, Inc. v. Fox*, No. 4:10-CV-477-JCH, 2010 WL 1936190, at *2 (E.D. Mo. May 13, 2010) (remanding case despite federal-question jurisdiction because unanimous consent was not achieved). The failure to obtain that consent means that this action must return to the original forum, even if a federal claim does exist.[4]

## CONCLUSION

Accordingly, the Court **GRANTS** Plaintiffs Misty and Ryan Goodwin's [47] Motion to Remand Case to State Court, **GRANTS IN PART** Defendant MHTC's [45] Motion to Dismiss or, in the Alternative, Remand to the extent that MHTC seeks remand.

The Court will issue a separate Order of Remand to accompany this order.

So ordered this 15th day of January 2026.

ZACHARY M. BLUESTONE
UNITED STATES DISTRICT JUDGE

---

[3] The Court does not take a position on complete preemption because it is unnecessary for its remand determination. However, it bears noting that the Supreme Court appears poised to definitively resolve this question. *See* Br. for Pet'r, *Montgomery v. Caribe Transport II, LLC*, No. 24-1238, 2025 WL 3490405, at *i (U.S. Nov. 1, 2025) (presenting the issue of "[w]hether [the FAAAA] preempts a state common-law claim against a broker for negligently selecting a motor carrier or driver."). If the Supreme Court adopts ITS's position and applies complete preemption, ITS certainly could advance that argument in state court, which would be bound to follow the same preemption analysis.

[4] ITS's motion to dismiss, Doc. 30, will remain pending for the state court to address on remand. Similarly, the Court refrains from ruling on ITS's motion to strike supplemental authority, Doc. 58, as it may impact the propriety of dismissal.